MEYER, APPELLEE, *v*. UNITED PARCEL SERVICE, INC., APPELLANT.

[Cite as *Meyer v. United Parcel Serv., Inc.,*

**122 Ohio St.3d 104, 2009-Ohio-2463.]**

*Employment discrimination—Age-discrimination claim under R.C. 4112.99— Applicability of R.C. 4112.02 and 4112.14.*

(No. 2008-0315 — Submitted February 3, 2009 — Decided June 2, 2009.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-060772, 174 Ohio App.3d 339, 2007-Ohio-7063.

_____

SYLLABUS OF THE COURT

1. An age-discrimination claim brought pursuant to R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and 4112.14.

2. Pursuant to R.C. 4112.14(C), when the discharge of an employee has been arbitrated and the discharge has been found to be for just cause, the discharged employee is barred from pursuing an action for age discrimination.

_____

**CUPP, J.**

{¶ 1}  This appeal requires us to consider the relationship of the several provisions of R.C. Chapter 4112 applicable to a statutory claim for age discrimination brought by an employee claiming that he was wrongfully discharged from employment.  The primary issue is whether defendant-appellant, United Parcel Service, Inc. ("UPS"), is entitled to judgment as a matter of law on a claim of age discrimination brought by plaintiff-appellee, Robert Meyer.  In particular, we must determine whether Meyer's age-discrimination claim under R.C. 4112.99 is foreclosed by R.C. 4112.14(C), which provides that a wrongful-

discharge cause of action for age discrimination described in R.C. 4112.14(B) and the remedies available under R.C. 4112.01 to 4112.11 are not available when the "discharge has been arbitrated and has been found to be for just cause." For the reasons that follow, we conclude that R.C. 4112.14(C) does apply to bar Meyer's age-discrimination claim in the circumstances of this case. We accordingly reverse the judgment of the court of appeals on the issue we review.

## I. Facts and Procedural History

{¶ 2} UPS terminated Meyer's employment as a package-delivery driver on December 1, 2003. At the time of his discharge, Meyer was 48 years old and had worked for UPS for about 25 years. UPS had terminated Meyer's employment two previous times in 2003. But on both of those previous occasions, Meyer had filed a grievance, his discipline had been reduced to a suspension without pay, and he had returned to work after serving his suspension. However, Meyer's grievance over his December 1 discharge was denied, and his discharge was upheld by UPS's "Ohio Joint State Committee" in January 2004.

{¶ 3} Meyer filed a complaint in the Hamilton County Court of Common Pleas on May 7, 2004, alleging that he had been wrongfully terminated in retaliation for filing several workers' compensation claims. Meyer raised two claims in his initial complaint going to the alleged retaliatory discharge: that UPS had violated R.C. 4123.90[1] and had violated Ohio's public policy against terminating him for filing the workers' compensation claims. On September 10, 2004, the trial court denied UPS's motion to dismiss the R.C. 4123.90 claim, but it granted the motion as to the public-policy retaliatory-discharge claim.

{¶ 4} In July 2005, the trial court granted Meyer leave to file an amended complaint. In the amended complaint, he added a claim of age

---

1. R.C. 4123.90 provides, "No employer shall discharge * * * any employee because the employee filed a claim * * * under the workers' compensation act for an injury * * * which occurred in the course of and arising out of his employment with that employer."

discrimination under R.C. 4112.99 and a claim of age discrimination in violation of Ohio's public policy. Meyer had been replaced by an employee who was in his early twenties.

{¶ 5} On May 1, 2006, UPS moved for summary judgment on all of Meyer's claims. This motion was premised, in part, on the contention that R.C. 4112.14(C) barred all age-discrimination claims because the proceeding through which Meyer's grievance had been denied was the equivalent of arbitration and his termination had been upheld in that proceeding. The trial court denied UPS's motion for summary judgment.

{¶ 6} The case proceeded to a jury trial in August 2006.[2] The jury found in Meyer's favor on both his R.C. 4123.90 claim of workers' compensation retaliatory discharge and his R.C. 4112.99 claim of age discrimination. The trial court entered judgment on the jury verdicts. Meyer was awarded back pay of $113,592, other compensatory damages of $175,000, punitive damages of $25,000 on the age-discrimination claim, prejudgment interest of $47,616.03, and attorney fees and costs in the amount of $135,194.45. The trial court imposed postjudgment interest and ordered UPS to reinstate Meyer to his position.

{¶ 7} Upon UPS's appeal, the First District Court of Appeals rejected several of UPS's arguments regarding the age-discrimination claim, including that the claim was barred by R.C. 4112.14(C). 174 Ohio App.3d 339, 2007-Ohio-7063, 882 N.E.2d 31, ¶ 16-30. Although the court of appeals held that the UPS grievance proceeding that upheld Meyer's termination was the "functional equivalent" of arbitration, it also ruled that the statute's bar is not applicable to an age-discrimination claim brought solely under R.C. 4112.99. Id. at ¶ 28-30. However, the court concluded that Meyer was not entitled to a jury trial on his statutory workers' compensation retaliatory-discharge claim. The allowance of a

---

2. Meyer voluntarily dismissed his public-policy age-discrimination claim during the trial.

jury trial on that claim tainted the entirety of the proceedings, the appellate court held, because the evidence presented to the jury went to both the retaliation claim and the age-discrimination claim, which were "inextricably linked." Id. at ¶ 2, 39-40, 46. The court reversed in total the judgment in favor of Meyer and remanded for further proceedings. Id. at ¶ 69.

**{¶ 8}** We accepted UPS's appeal under our discretionary jurisdiction for review of a single proposition of law: "In order to preserve the detailed framework for age discrimination claims that the General Assembly enacted, an age discrimination claim brought under the general language of R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and R.C. 4112.14." 118 Ohio St.3d 1432, 2008-Ohio-2595, 887 N.E.2d 1201. This appeal does not in any way implicate the R.C. 4123.90 claim for workers' compensation retaliation, which is subject to further proceedings below regardless of how the age-discrimination claim is resolved in this court.[3]

## II. Relevant Statutes and Case Law

### A. Statutes

**{¶ 9}** R.C. 4112.02(A) generally prohibits discriminatory employment practices, including age discrimination.[4] R.C. 4112.02(N) specifically provides a right to file an age-discrimination action:

---

3. We did not accept for review Meyer's cross-appeal, which challenged the court of appeals' holding that there should not have been a jury trial on his statutory claim of workers' compensation retaliation. As a result, the court of appeals' determination that the trial court's judgments on the jury verdicts and on additional issues must be reversed and remanded stands as conclusively established and is not within the scope of this appeal.

4. {¶ a} R.C. 4112.02(A) provides:
{¶ b} "It shall be an unlawful discriminatory practice:
{¶ c} "(A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

**{¶ 10}** "An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.

**{¶ 11}** "A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code and from filing a charge with the commission under section 4112.05 of the Revised Code."[5]

**{¶ 12}** R.C. 4112.14, which was at one time codified at R.C. 4101.17,[6] addresses certain specific types of employment age discrimination. That statute provides:

**{¶ 13}** "(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

**{¶ 14}** "(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to the applicant or employee for the costs,

---

5. R.C. 4112.05 is not implicated in this case.

6. Former R.C. 4101.17 was incorporated into R.C. Chapter 4112 and renumbered as R.C. 4112.14, effective October 29, 1995. Am.Sub.S.B. No. 162, 146 Ohio Laws, Part V, 9163, 9627. Prior to that renumbering, this court in *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St.3d 45, 14 OBR 440, 471 N.E.2d 471, paragraph two of the syllabus, held that a six-year statute of limitations applied to former R.C. 4101.17.

including reasonable attorney's fees, of the action, or to reinstate the employee in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

{¶ 15} "(C) The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where *the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause*." (Emphasis added.)

{¶ 16} R.C. 4112.99 provides in its entirety:

{¶ 17} "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

*B.  Case law*

*1.      Elek v. Huntington Natl. Bank*

{¶ 18} In *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 135-136, 573 N.E.2d 1056, Elek filed an action in common pleas court pursuant to R.C. 4112.99 for handicap discrimination, and the common pleas court dismissed the complaint for lack of jurisdiction. Upon review, this court stated that a plain reading of R.C. 4112.99 "yields the unmistakable conclusion that a civil action is available to remedy any form of discrimination identified in R.C. Chapter 4112." Id. at 136. We also noted that the statutory-construction rule of R.C. 1.47

"specifically directs courts to give effect to an entire statute" and recognized that "no other section of R.C. Chapter 4112 confers upon an alleged victim of handicap discrimination the right to pursue a civil action. Thus, there can be no conflict between R.C. 4112.99 and the provisions of a more specific subsection. In those instances where such alleged conflict may be presented, existing rules of statutory construction are available to address them (see, *e.g.*, R.C. 1.51 [special provision normally prevails over general provision] * * *)." Id. at 137. In addition, we observed in *Elek* that "in the area of age discrimination there already exists a redundancy between R.C. 4112.02(N) and 4101.17 [now R.C. 4112.14]."[7] Id.

    2.    *Bellian v. Bicron Corp.*

{¶ 19} In *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 519, 634 N.E.2d 608, Bellian brought an age-discrimination claim pursuant to R.C. 4112.99 and argued that he need not comply with the 180-day statute of limitations of R.C. 4112.02(N) because he was not relying on that statute. Bellian asserted that because R.C. 4112.99 states no limitations period, he should be subject to the six-year statute of limitations of R.C. 2305.07. This court rejected that argument, holding at the syllabus that "[a]ny age discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N)."

{¶ 20} In reaching that conclusion, this court in *Bellian* noted that *Elek* had recognized that in some instances, R.C. 4112.99 might conflict with more specific provisions within R.C. Chapter 4112. In *Bellian,* we then applied a rule of statutory construction — R.C. 1.51 — mentioned in *Elek*:

---

7. At the time *Elek* was decided, R.C. 4101.17 had not yet been recodified as R.C. 4112.14.

**{¶ 21}** "[W]e have held that where there is no manifest legislative intent that the general provision prevail over the specific provision, the specific provision applies. *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134. Here, R.C. 4112.99 is the more general statute. Consequently, R.C. 4112.99 prevails over R.C. 4112.02(N) only if there is a clear manifestation of legislative intent. Since the General Assembly has not shown such an intent, the specific provision, R.C. 4112.02(N), must be the only provision applied. Moreover, appellant alleged in Count I of his complaint that the '[d]efendant and its agents have violated the provisions of Chapter 4112 of the Ohio Revised Code.' The only provision in R.C. Chapter 4112 that recognizes discrimination on the basis of age is R.C. 4112.02. Thus, regardless of whether appellant stated reliance on R.C. 4112.02 or 4112.99, he had to be referring to the form of age-based employment discrimination identified by R.C. 4112.02." 69 Ohio St.3d at 519, 634 N.E.2d 608.

**{¶ 22}** Because R.C. 4101.17 had not yet been recodified as R.C. 4112.14 when *Bellian* was decided, this court's observation in *Bellian* that R.C. 4112.02 was the *only* specific provision in R.C. Chapter 4112 recognizing age discrimination was an accurate one at the time.

    3.    *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*

**{¶ 23}** In *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 638 N.E.2d 991, Cosgrove asserted that her employment had been terminated because of her pregnancy and filed a sex-discrimination claim in common pleas court under R.C. 4112.99. In reversing the judgments of the courts below that the complaint was time-barred, this court held at the syllabus that "R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations." The lead opinion in *Cosgrove* relied in large part upon *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St.3d 45, 14 OBR 440, 471 N.E.2d 471, paragraph two of the syllabus, which had considered what statute of

limitations should apply to former R.C. 4101.17 (prior to that statute's recodification as R.C. 4112.14) and which had held that a six-year statute of limitations applied to an action for age discrimination in employment brought under former R.C. 4101.17.

{¶ 24} A concurring opinion in *Cosgrove* specifically addressed the reasons why *Bellian* and *Cosgrove* were decided the way they were, thereby reconciling the holdings of the two cases. See 70 Ohio St.3d at 290-293, 638 N.E.2d 991 (Resnick, J., concurring). That concurring opinion in *Cosgrove* was joined by Chief Justice Moyer and by Justices A.W. Sweeney, Douglas, and Wright, and therefore expressed the view of five members of this court.

{¶ 25} Although both *Bellian* and *Cosgrove* involved plaintiffs who brought claims under R.C. 4112.99, this court held in those cases that different statutes of limitations applied. The key to the differing holdings, according to the *Cosgrove* concurrence, was that *Bellian* involved a claim of age discrimination, but the claim of the plaintiff in *Cosgrove* was for sex discrimination, and R.C. 4112.02(N)'s 180-day statute of limitations for age-discrimination claims was inapplicable. Id. at 291.

{¶ 26} There was "no specific R.C. Chapter 4112 provision that conflict[ed] with R.C. 4112.99" in *Cosgrove*. Id. at 292 (Resnick, J., concurring). Therefore, R.C. 4112.99 applied without being affected by any other statute within R.C. Chapter 4112. Id. Because R.C. 4112.99 does not provide its own statute of limitations, this court was required to "choose from among the various statutes of limitations contained elsewhere in the Revised Code on the basis of well-established statutory and common-law principles of construction," which yielded the "unavoidable" conclusion that Cosgrove's sex-discrimination claim was subject to R.C. 2305.07's six-year statute of limitations. Id. at 292-293 (Resnick, J., concurring).

**{¶ 27}** The concurring opinion in *Cosgrove* observed that "R.C. 4112.99 functions as a gap-filling provision, establishing civil liability for violations of rights for which no other provision for civil liability has been made." Id., 70 Ohio St.3d at 292, 638 N.E.2d 991.[8]

## III. Analysis

### A. *Structure of R.C. Chapter 4112 for age-discrimination claims*

**{¶ 28}** A consideration of the foregoing authorities yields several conclusions regarding R.C. Chapter 4112 directly relevant to this case. Because age-discrimination claims *are* specifically addressed in R.C. Chapter 4112, it necessarily follows from *Elek*, *Bellian*, and *Cosgrove* that age-discrimination claims *are not* governed by the general gap-filling provisions of R.C. 4112.99. Rather, they are covered by the statutes in R.C. Chapter 4112 that are specific to age discrimination. The *Cosgrove* concurrence cogently explains why this result obtains, and it is fully consistent with *Elek* and *Bellian*.

**{¶ 29}** Furthermore, contrary to Meyer's arguments, the fact that R.C. 4112.14 was not in R.C. Chapter 4112 when *Elek*, *Bellian*, and *Cosgrove* were decided is of no significance. The general accuracy of the reasoning of the *Cosgrove* concurrence remains sound. R.C. 4112.99 continues to function as a gap filler. Even if an age-discrimination claim is filed solely pursuant to R.C.

_____

8. Perhaps in response to the suggestion of the concurring opinion in *Cosgrove* that the General Assembly should expressly designate statutes of limitations for claims brought under R.C. Chapter 4112, see 70 Ohio St.3d at 293, 638 N.E.2d 991 (Resnick, J., concurring, joined by Moyer, C.J., and A.W. Sweeney, Douglas, and Wright, JJ.), the General Assembly attempted to establish a two-year statute of limitations for all employment-discrimination claims by amending R.C. 4112.02(N), 4112.14(B), and 4112.99 in 1996 Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 4004, 4006-4007, to be effective January 27, 1997. However, in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraphs two and three of the syllabus, this court held House Bill 350 unconstitutional in its entirety for violating the Ohio constitutional doctrine of separation of powers and the one-subject provision of the Ohio Constitution. As a result, those amendments were invalidated. The General Assembly revived the prior versions of those statutes in 2001 Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 481, 484-485, effective July 6, 2001, and repealed the versions held invalid in *Sheward* without reenacting

4112.99, that statute does not govern the specifics of the claim because there is no gap to fill for such a claim. As was true prior to R.C. 4112.14's incorporation into R.C. Chapter 4112, R.C. 4112.99 plays no specific role as to age-discrimination claims.

{¶ 30} The fundamental reasoning in *Bellian* regarding age-discrimination claims filed under R.C. 4112.99 retains its authority. It can readily be adapted to fit the current statutory framework because there are now two provisions in R.C. Chapter 4112 that specifically recognize court-filed actions for discrimination on the basis of age: R.C. 4112.02(N) and 4112.14. It is fully appropriate to incorporate R.C. 4112.14 into *Bellian*'s stated reasoning, yielding the following (adjusted material in brackets): "Here, R.C. 4112.99 is the more general statute. Consequently, R.C. 4112.99 prevails over R.C. 4112.02(N) [and 4112.14] only if there is a clear manifestation of legislative intent. Since the General Assembly has not shown such an intent, the specific provision[s], R.C. 4112.02(N) [and 4112.14], must be the only provision[s] applied. * * * The only provision[s] in R.C. Chapter 4112 that recognize[] discrimination on the basis of age [are] R.C. 4112.02 [and 4112.14]." Thus, even if a plaintiff states reliance on R.C. 4112.99, he or she is "referring to the form[s] of age-based employment discrimination identified by R.C. 4112.02 [and 4112.14]." *Bellian*, 69 Ohio St.3d at 519, 634 N.E.2d 608.

{¶ 31} Related sections of the Revised Code must be construed together, and in cases involving statutory construction, " 'our paramount concern is the legislative intent in enacting the statute.' " *State v. Buehler*, 113 Ohio St.3d 114, 2007-Ohio-1246, 863 N.E.2d 124, ¶ 29, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. See *D.A.B.E., Inc. v. Toledo–Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773

them. Sections 1, 2.02(B), and 3(A)(1) of Senate Bill 108, 149 Ohio Laws, Part I, 384, 499, and 506.

N.E.2d 536, ¶ 28-29 (related statutory provisions must be construed in pari materia). We must " 'avoid that construction which renders a provision meaningless or inoperative.' " *D.A.B.E., Inc.*, at ¶ 26, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.* (1917), 95 Ohio St. 367, 373, 116 N.E. 516; see R.C. 1.47. To allow the general provisions of R.C. 4112.99 to prevail over the specific provisions of R.C. 4112.02(N) and 4112.14 would ignore the relevant statutes and would turn the framework of R.C. Chapter 4112 relating to age-discrimination claims on its head. That R.C. 4112.08 requires a liberal construction of R.C. Chapter 4112 does not allow courts to ignore clear statutory directives.

**{¶ 32}** Consistently with the statutory framework for age-discrimination claims set forth within R.C. Chapter 4112, and with our precedents interpreting that framework, we hold that an age-discrimination claim brought pursuant to R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and 4112.14.

### B. *Leininger v. Pioneer Natl. Latex*

**{¶ 33}** In *Leininger v. Pioneer Natl. Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, at the syllabus, we recently held that "[a] common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination does not exist, because the remedies in R.C. Chapter 4112 provide complete relief for a statutory claim for age discrimination." The court of appeals in the present case interpreted *Leininger* as establishing that an age-discrimination claim under R.C. 4112.99 is not subject to those provisions of R.C. Chapter 4112 that are specific to age discrimination. See 174 Ohio App.3d 339, 2007-Ohio-7063, 882 N.E.2d 31, ¶ 24, stating that this court in *Leininger*, at ¶ 31, "reiterated its prior holding that had rejected the argument that the specific-remedies provisions of subsections within the chapter prevail over the more general provisions of R.C. 4112.99." However, the court of appeals' statement is a

misreading of *Leininger* based on a failure to appreciate the specific context of *Leininger*'s analysis.

{¶ 34} In *Leininger*, we examined the statutory remedies available under R.C. Chapter 4112 in order to determine whether the jeopardy element, a prerequisite for recognizing a common-law public-policy claim for wrongful discharge, was met for a claim based on age discrimination. See *Painter v. Graley* (1994), 70 Ohio St.3d 377, 384, 639 N.E.2d 51, fn. 8; *Collins v. Rizkana* (1995), 73 Ohio St.3d 65, 69-70, 652 N.E.2d 653; *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 2002-Ohio-3994, 773 N.E.2d 526, ¶ 15. The focus of our inquiry was whether the statutory remedies for employment-related age discrimination "adequately protect society's interest by discouraging the wrongful conduct" and thus render a public-policy wrongful-discharge claim unnecessary. *Leininger*, 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, ¶ 27.

{¶ 35} In deciding that question, we first discussed the remedy provisions of R.C. 4112.02(N), 4112.05(G), 4112.14(B), and 4112.99. Id. at ¶ 29-30. We then stated that "Leininger maintains that we should consider only the remedies in R.C. 4112.14 because it is a more specific statute regarding age discrimination that prevails over the more general provisions of R.C. 4112.02 and 4112.99." Id. at ¶ 31.

{¶ 36} At this point in the opinion, we remarked in a footnote: "Although R.C. 4112.14 was the only statutory claim available to Leininger at the time she filed her complaint due to the expiration of the statute of limitations for claims under R.C. 4112.02 and 4112.05, this fact does not justify limiting our examination of the available remedies under the chapter as a whole. In determining whether a common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination should be recognized, we need to look at all the remedies available to a plaintiff at the time the claim accrued." Id. at ¶ 31, fn. 4.

**{¶ 37}** Our discussion in the text of the opinion continued: "We reject this argument. R.C. 4112.08 requires a liberal construction of R.C. Chapter 4112. Although R.C. 4112.02(N), 4112.08, and 4112.14(B) all require a plaintiff to elect under which statute (R.C. 4112.02, 4112.05, or 4112.14) a claim for age discrimination will be pursued, when an age discrimination claim accrues, a plaintiff may choose from the full spectrum of remedies available. Leininger's argument also does not take into account the scope of R.C. 4112.99's remedies. In *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056, we stated that R.C. 4112.99 provides an independent civil action to seek redress for any form of discrimination identified in the chapter. Id. at 136, 573 N.E.2d 1056. A violation of R.C. 4112.14 (formerly R.C. 4101.17), therefore, can also support a claim for damages, injunctive relief, or any other appropriate relief under R.C. 4112.99. This fourth avenue of relief is not subject to the election of remedies." (Footnotes omitted.) *Leininger*, 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, ¶ 31.

**{¶ 38}** The foregoing discussion in *Leininger* must be understood within its context. Of particular importance to that understanding is the statement within footnote 4 of *Leininger* explaining that this court was looking "at all the remedies available to a plaintiff *at the time the claim accrued.*" (Emphasis added.) Id., ¶ 31, fn. 4. Notably, "when an age discrimination claim accrues," no statute of limitations has yet expired, and therefore an age-discrimination plaintiff at that time potentially can seek "the full spectrum of remedies available" under R.C. Chapter 4112, as the quoted passage of ¶ 31 of *Leininger* noted. Pursuant to our precedent, when a plaintiff files an age-discrimination claim solely under R.C. 4112.99 (as happened in *Bellian*), the plaintiff need not indicate which specific statutory remedies he or she is pursuing, a point also noted in the *Leininger* discussion. Therefore, a plaintiff who within 180 days files an age-discrimination claim in common pleas court under R.C. 4112.99 preserves the opportunity to

pursue all remedies specifically delineated within the chapter. However, as we have explained above, the source of those remedies for age discrimination is the substantive provisions of R.C. 4112.02 and 4112.14; it is not R.C. 4112.99, even though a plaintiff can file under that statute. See *Leininger* at ¶ 14, stating that with the incorporation of former R.C. 4101.17 into R.C. Chapter 4112 as R.C. 4112.14, additional "remedies are available to plaintiffs * * * pursuant to R.C. 4112.99."

{¶ 39} The court of appeals was mistaken when it read our mention of *Elek* in the quoted passage from *Leininger* as reiterating the "prior holding that had rejected the argument that the specific-remedies provisions of subsections within the chapter prevail over the more general provisions of R.C. 4112.99." 174 Ohio App.3d 339, 2007-Ohio-7063, 882 N.E.2d 31, ¶ 24. In *Leininger,* this court was not citing *Elek* for such a broad principle as to age-discrimination claims but was merely noting that at the time an age-discrimination claim *accrues*, full remedies are available. To the extent that dicta in *Leininger* might give rise to the impression that *Elek* is the primary controlling authority for age-discrimination claims, we reject that interpretation.

{¶ 40} We emphasize that all age-discrimination employment-related claims must be governed by the specific statutory directives in R.C. Chapter 4112, and *Leininger* should not be read as indicating otherwise. To read *Leininger* out of context the way the court of appeals did elevates R.C. 4112.99 beyond its possible reach for age-discrimination claims, makes irrelevant the specific age-discrimination statutes in R.C. Chapter 4112, and ignores our prior case law, which retains its relevance regarding current R.C. Chapter 4112, as established above.

### C. R.C. 4112.14(C)

{¶ 41} The dispositive issue in this case is whether Meyer's age-discrimination claim is barred by R.C. 4112.14(C). It provides:

{¶ 42} "The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause."

{¶ 43} In resolving this issue, the court of appeals first held that Meyer's termination had been upheld in a proceeding that was the equivalent of arbitration for R.C. 4112.14(C) purposes but then held that R.C. 4112.14(C) did not apply, because an age-discrimination claim under R.C. 4112.99 is not subject to R.C. 4112.14(C). 174 Ohio App.3d 339, 2007-Ohio-7063, 882 N.E.2d 31, ¶ 26-30. For the reasons explained below, we accept the first holding but must reject the second.

1. *Arbitration*

{¶ 44} The court of appeals summarily determined that Meyer's termination had been upheld in a proceeding that qualified as "arbitration" under the statute by stating: "It is undisputed that Meyer contested his discharge in the grievance procedure established for employees at UPS. This grievance procedure was the functional equivalent of arbitration." Id., 174 Ohio App.3d 339, 2007-Ohio-7063, 882 N.E.2d 31, at ¶ 28. The court of appeals supported this statement by citing its previous decision in *Hopkins v. United Parcel Serv., Inc.* (Feb. 11, 2000), 1st Dist. No. C-990392, 2000 WL 279228.

{¶ 45} In *Hopkins*, the employee challenged his termination by UPS through established grievance procedures, and after the termination had been upheld at a local hearing, he appealed that result to "the Ohio Joint State Committee" in Columbus. The Ohio Joint State Committee grievance panel, which was made up of two UPS representatives and two union representatives, conducted a hearing and "held that Hopkins's termination was for just cause." Hopkins then filed an R.C. Chapter 4112 action in common pleas court. The

court of appeals affirmed the trial court's holding that the action was barred by R.C. 4112.14(C).

{¶ 46} In rejecting Hopkins's argument that "the grievance process lacked the indicia of impartiality that the term 'arbitration' implies," the First District in *Hopkins* found persuasive the holdings of other courts that "the UPS grievance mechanism does possess the requisite procedural safeguards to be deemed arbitration." 2000 WL 279228 at * 2. The court cited *United Parcel Serv., Inc. v. Mitchell* (1981), 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732, and *VanDerVeer v. United Parcel Serv., Inc.* (C.A.6, 1994), 25 F.3d 403.[9]

{¶ 47} Those cited decisions both equated the UPS grievance-review process to an arbitration. See, e.g., *VanDerVeer*, 25 F.3d at 405 (terming the proceeding before the Ohio Joint State Grievance Committee in which the plaintiff's termination was upheld an "arbitration"). Furthermore, Meyer has not taken issue in any way with this aspect of the court of appeals' reasoning. We therefore accept the court of appeals' holding that this case involves the functional equivalent of arbitration for R.C. 4112.14(C) purposes.

2. *Applicability of R.C. 4112.14(C)*

{¶ 48} In holding that Meyer's age-discrimination claim under R.C. 4112.99 is not subject to R.C. 4112.14(C)'s terms, the court of appeals in the case sub judice distinguished its decision in *Hopkins* because that case interpreted a different version of R.C. 4112.14(C) than is at issue in this case.[10] The appellate

---

9. Our consideration of *Hopkins* goes solely to the issue of whether the UPS grievance procedure is the equivalent of arbitration and not to any other aspects of that decision.

10. {¶ a} The General Assembly attempted to amend R.C. 4112.14(C) in Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 4007, to be effective January 27, 1997. That amendment would have changed R.C. 4112.14(C) as follows: "The cause of action described in division (B) of this section and ~~any~~ OTHER remedies available ~~pursuant to sections 4112.01 to 4112.11 of the Revised Code~~ UNDER THIS CHAPTER shall not be available in the case of discharges where the employee has available to ~~him~~ THE EMPLOYEE the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause."

court stated, "The plain language of R.C. 4112.14(C) does not now bar previously arbitrated cases from proceeding to trial under R.C. 4112.99," thus placing Meyer's R.C. 4112.99 claim of age discrimination "outside the ambit of R.C. 4112.14(C)."  174 Ohio App.3d 339, 2007-Ohio-7063, 882 N.E.2d 31, ¶ 29-30.

{¶ 49} The court of appeals misinterpreted the reach of R.C. 4112.14(C). Our holding earlier in this opinion that an age-discrimination claim brought pursuant to R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and 4112.14 establishes that R.C. 4112.14(C) must apply to Meyer's age-discrimination claim.  Although *Bellian* and the *Cosgrove* concurrence analyzed R.C. Chapter 4112 principally with regard to statute-of-limitations issues, the reasoning expressed in those opinions also encompasses other age-discrimination provisions of the chapter beyond statute-of-limitations considerations.

{¶ 50} Even though *Hopkins* interpreted a different version of the statute, it does not follow that R.C. 4112.14(C) does not apply here.  Pursuant to our cases discussed above, the statute applies even though Meyer's age-discrimination claim is brought pursuant to R.C. 4112.99.  The age-discrimination claim undoubtedly falls within the ambit of R.C. 4112.14(C) as a "cause of action described in division (B) of" R.C. 4112.14.  As noted in *Dworning v. Euclid,* 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶ 41, the General Assembly

---

{¶ b} This attempted amendment of R.C. 4112.14(C) was invalidated when this court in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraphs two and three of the syllabus, held House Bill 350 unconstitutional in its entirety. After the decision in *Sheward*, the General Assembly repealed the invalidated amendment in 2001 Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 485, effective July 6, 2001.  Senate Bill 108 revived the previous language of the statute and did not reenact the House Bill 350 modifications to R.C. 4112.14(C) invalidated in *Sheward* except for the change to gender-neutral language.  See Sections 1 and 3(A)(3) of Senate Bill 108, 149 Ohio Laws, Part I, 385 and 506.

{¶ c} The court in *Hopkins* applied the House Bill 350 version of R.C. 4112.14(C), which stated "under this chapter."  The court of appeals in the case sub judice held that the reasoning in *Hopkins* did not apply because the relevant statutory language is " '*any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code* shall not be available.' " (Emphasis sic.)  174 Ohio App.3d 339, 2007-Ohio-7063, 882 N.E.2d 31, ¶ 29, quoting R.C. 4112.14(C).

has, through R.C. 4112.14(C), expressed the intent regarding age-discrimination claims "to prefer arbitration over other remedies when arbitration is available."

**{¶ 51}** We hold that pursuant to R.C. 4112.14(C), when the discharge of an employee has been arbitrated and the discharge has been found to be for just cause, the discharged employee is barred from pursuing an action for age discrimination. We conclude that R.C. 4112.14(C) applies to bar Meyer's age-discrimination claim, because his discharge was arbitrated and was found to be for just cause. We therefore reverse the judgment of the court of appeals on the dispositive issue.

*D. Other Issues*

**{¶ 52}** UPS asserts that R.C. 4112.02(N) applies to more situations than R.C. 4112.14 does (i.e., R.C. 4112.02(N) applies to "rights relative to discrimination on the basis of age," while R.C. 4112.14 applies only to age discrimination in any job opening or discharge), that the two statutes contain different remedies (i.e., R.C. 4112.02(N) provides for "any legal or equitable relief that will effectuate the individual's rights," while R.C. 4112.14(B) provides more limited remedies), and that those statutes have been held to have different statutes of limitations. [11] UPS accordingly argues that the logical way to give effect to the entirety of the statutory framework governing age-discrimination claims is to allow a plaintiff who fails to file his or her age-discrimination claim within the 180-day statute of limitations of R.C. 4112.02(N) but who does file the claim within six years of its accrual to pursue an age-discrimination claim only in

---

11. {¶ a} UPS has conceded in this case, both in this court and in the court of appeals, that an age-discrimination claim covered by R.C. 4112.14 is governed by a six-year statute of limitations, as this court determined in *Morris* when that statute was previously codified at R.C. 4101.17. 14 Ohio St.3d 45, 14 OBR 440, 471 N.E.2d 471, at paragraph two of the syllabus.

{¶ b} The source of the holding that a six-year statute of limitations applies to an age-discrimination claim that is covered by R.C. 4112.14 is *Morris*'s holding regarding former R.C. 4101.17 and is *not Cosgrove*'s holding expressed in that case's syllabus regarding R.C. 4112.99 for claims other than those for age discrimination. 70 Ohio St.3d 281, 638 N.E.2d 991. We

job-opening or discharge situations and to seek only remedies set forth in R.C. 4112.14.

{¶ 53} Although our discussion of *Leininger* touched upon these issues, we decline to more specifically address UPS's argument for two reasons. First, because we have determined that Meyer's age-discrimination claim is barred by R.C. 4112.14(C), there is no need to consider whether the claim, or some aspects of the claim, might also be barred by statute-of-limitation or limitation-of-remedies concerns. See *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (C.A.D.C.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and concurring in the judgment), in which now Chief Justice John G. Roberts expressed "the cardinal principle of judicial restraint – if it is not necessary to decide more, it is necessary not to decide more."

{¶ 54} Second, an important component of UPS's argument in this regard is that the trial court erred in allowing Meyer to amend his complaint to add his age-discrimination claim, because that claim should not relate back under Civ.R. 15(C). However, UPS failed to adequately pursue this precise issue in order to preserve it for appeal. We may therefore assume that Meyer's age-discrimination claim related back to the filing of his original complaint for purposes of Civ.R. 15(C) and was thus filed within the 180-day limitation period of R.C. 4112.02(N). Consequently, this case is an unsuitable vehicle to specifically address potential issues regarding the interplay of the applicable statutes of limitations and issues regarding election of remedies or limitation of remedies.

{¶ 55} Finally, for the same reasons, we decline to address the argument advanced by amicus curiae Ohio Management Lawyers Association that *all* age-discrimination claims filed under R.C. 4112.99 should be governed by the 180-day statute of limitations of R.C. 4112.02(N).

---

therefore observe that Meyer's argument that all age-discrimination claims under R.C. 4112.99 are subject to a six-year statute of limitations, based on the *Cosgrove* syllabus's holding, is flawed.

## IV. Conclusion

**{¶ 56}** We hold that an age-discrimination claim brought pursuant to R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and 4112.14, including R.C. 4112.14(C). We also hold that pursuant to R.C. 4112.14(C), when the discharge of an employee has been arbitrated and the discharge has been found to be for just cause, the discharged employee is barred from pursuing an action for age discrimination. We reverse the judgment of the court of appeals regarding Meyer's claim of age discrimination upon our determination that recovery on that claim is barred by R.C. 4112.14(C). This cause is remanded to the trial court for further proceedings on Meyer's claim that he was wrongfully discharged in violation of R.C. 4123.90 in retaliation for filing workers' compensation claims.

Judgment reversed

and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

————————————

**PFEIFER, J., dissenting.**

**{¶ 57}** Although otherwise extraordinarily precise, the majority opinion is remarkably loose in describing R.C. 4112.99 as a "gap filler." Majority opinion, ¶ 29. Surely if the General Assembly has intended R.C. 4112.99 "to function as a gap filler," it would have said so. It did not, and I see no reason for this court to depart from common rules of statutory interpretation and add those words to the statute. See *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222, quoting *Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8 (" 'It is the duty of this court to give effect to the *words used*

[in a statute], not to delete words used *or to insert words not used*.' (Emphasis added.)").

{¶ 58} In concluding that R.C. 4112.99 is subject to R.C. 4112.14(C), the majority opinion violates another common rule of statutory interpretation by ignoring the plain meaning of R.C. 4112.14(C). R.C. 4112.14(C) states that it applies to causes of action "described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code." According to its own plain language, R.C. 4112.14(C) does not apply to RC. 4112.99. See *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 480 N.E.2d 412 ("When interpreting legislation, courts must give the words used in statutes their plain and ordinary meaning, unless legislative intent indicates otherwise").

{¶ 59} Furthermore, R.C. 4112.08 states, "This chapter [R.C. Chapter 4112] shall be construed liberally for the accomplishment of its purposes * * *." It is impossible to reconcile the result the majority opinion reaches and the means it uses to reach that result with the General Assembly's mandate that R.C. 4112.99 be liberally construed "to protect victims of discrimination." *Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc.*, 99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 22 (Carr, J., dissenting).

{¶ 60} The majority opinion states: "We did not accept for review Meyer's cross-appeal * * *. As a result, the court of appeals' determination that the trial court's judgments on the jury verdicts and on additional issues must be reversed and remanded stands as conclusively established and is not within the scope of this appeal." ¶ 8, fn. 3. I disagree with this court's practice of picking and choosing, within a case, the issues that we are willing to review. If a case is worthy of review, in the interests of providing justice to the parties and because, until we see the entire record, it is exceedingly difficult to ascertain the interplay

of various issues, all appealed issues should be before us. Whether we address each issue at that point is, of course, within our considered discretion.

**{¶ 61}** I dissent.

_____

Law Office of Marc Mezibov, Marc D. Mezibov, Stacy A. Hinners, and Susan M. Lawrence, for appellee.

Frost Brown Todd, L.L.C., Kasey Bond, and Eugene Droder III, for appellant.

Mark P. Herron; and Christina M. Royer, Ltd., and Christina M. Royer, urging affirmance for amicus curiae Ohio Employment Lawyers Association.

Littler Mendelson, P.C., and Suellen Oswald, urging reversal for amicus curiae Ohio Management Lawyers Association.

_____