Pfeifer, J.,
dissenting.
I. The Merits
{¶ 43} The majority opinion correctly explains that public authorities have broad discretion in evaluating submitted bids and that we “cannot interfere unless it clearly appears that the public authority is abusing [its] discretion.” Majority opinion at ¶ 22, citing Cedar Bay Constr., Inc. v. Fremont (1990), 50 Ohio St.3d 19, 21, 552 N.E.2d 202. But when the majority opinion discusses how the Franklin County Board of Commissioners wielded its discretion, it does not address the -widely known abuse-of-discretion standard, which states that “[t]he *122 term ‘abuse of discretion’ connotes more than an error of law or of judgment; it implies that the court’s attitude is unreasonable, arbitrary or unconscionable.” State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144, citing Steiner v. Custer (1940), 137 Ohio St. 448, 451, 19 O.O. 148, 31 N.E.2d 855.
{¶ 44} In this case, the majority opinion is reversing the considered judgments of the Franklin County Board of Commissioners, the trial judge, and the judges of the Tenth District Court of Appeals. In doing so, it invents a definition of violation in the prevailing-wage context without recourse to case law, statutes, administrative codes, or even a dictionary. And it substitutes its definition of violation for the definition used by the Franklin County Board of Commissioners without explaining how the commissioners abused their discretion. Even if I accept the majority opinion’s definition of violation, and I concede that it is as good a definition as any other, I cannot conclude that in adopting a different definition, the commissioners acted unreasonably, arbitrarily, or unconscionably.
{¶ 45} Based on the record and briefs, I conclude that the Franklin County Board of Commissioners adopted a definition of violation that was designed to allow them to reject bids from contractors with a history of prevailing-wage-related problems. There is nothing unreasonable, arbitrary, or unconscionable about a public authority promoting a policy that encourages contractors to comply with the spirit as well as the letter of the prevailing-wage law.
II. Jurisdiction
{¶ 46} The appellants’ memorandum in support of jurisdiction contained five propositions of law, including the following:
{¶ 47} “Proposition of Law No. 3: Appellees’ de facto debarment rule is preempted by R.C. Chapter 4115, a comprehensive scheme balancing the competing public interests in prevailing wage compliance and competition for public contracts.
{¶ 48} “Proposition of Law No. 4: The settlement agreements and court proceedings cannot legally be considered as establishing a violation of law, because such [a] finding would be contrary to both the language of the agreements and the public policy favoring resolution of disputes through mediation and settlement.
{¶ 49} “Proposition of Law No. 5: Because the state has not ‘found’ that [The Painting Company] violated the prevailing wage law within the last ten years, Appellees abused their discretion because either the Standards are void for vagueness or the Commissioners’ interpretation constituted an unannounced bid criterion.”
*123 The Copley Law Firm, L.L.C., Michael F. Copley, Mark E. Landers, Douglas M. Beard, and Kenley S. Maddux; and The Mason Law Firm Co., L.P.A., Ronald L. Mason, and Aaron T. Tulencik, for appellants.
Ron O’Brien, Franklin County Prosecuting Attorney, Nick A. Soulas Jr., First Assistant Prosecuting Attorney, and Anthony E. Palmer, Assistant Prosecuting Attorney, for appellee.
Benesch, Friedlander, Copian & Aronoff, L.L.P., N. Victor Goodman, and Mark D. Tucker, urging affirmance for amici curiae Ohio State Building & Construction Trades Council and Columbus/Central Ohio Building & Construction Trades Council.
{¶ 50} This court accepted jurisdiction over Proposition of Law No. 3 only. State ex rel. Associated Builders & Contrs. of Cent. Ohio v. Franklin Cty. Bd. of Commrs., 120 Ohio St.3d 1415, 2008-Ohio-6166, 897 N.E.2d 651. I dissented. Id.
{¶ 51} As I have explained in the past, “I disagree with this court’s practice of picking and choosing, within a case, the issues that we are willing to review. If a case is worthy of review, in the interests of providing justice to the parties and because, until we see the entire record, it is exceedingly difficult to ascertain the interplay of various issues, all appealed issues should be before us. Whether we address each issue at that point is, of course, within our considered discretion.” Meyer v. United Parcel Serv., Inc., 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 60 (Pfeifer, J., dissenting).
{¶ 52} Apparently a majority of this court now agrees with my dissent in Meyer because, even though this court accepted jurisdiction over Proposition of Law No. 3 only, the majority opinion also addresses Proposition of Law Nos. 4 and 5. I do not disagree with that approach; in fact, I applaud it. But wouldn’t it be better for parties and their attorneys if this court accepted jurisdiction without limitation? The current practice is confusing. Attorneys don’t know whether they should argue issues that aren’t before us; based on this case, they should. Attorneys also don’t know whether they can safely ignore issues that we have told them are not before us; based on this case, they shouldn’t.
III. Conclusion
{¶ 53} I conclude that the Franklin County Board of Commissioners did not abuse its discretion. I would affirm the decision of the court of appeals. I dissent.
Lanzinger, J., concurs in the foregoing opinion.
*124 Bricker & Eckler, L.L.P., and Luther L. Liggett Jr., urging affirmance for amici curiae National Electrical Contractors’ Association, Ohio Conference, and Mechanical Contractors Association of Northwestern Ohio.