Cupp, J.,
concurring.
{¶ 28} I agree with some but not all of the majority opinion’s analysis. I therefore concur only in the syllabus and judgment and write separately to explain my view of this case.
{¶ 29} In their decision-making, each of the lower courts relied heavily on the Eighth District’s decision in Nationwide Mut. Fire Ins. Co. v. Turner (1986), 29 Ohio App.3d 73, 29 OBR 83, 503 N.E.2d 212, to support the determination that in the policy at issue in this case, the exclusion for claims “arising out of” the Hunters’ Indiana premises applies to relieve appellee, Westfield Insurance Company, of the obligation to defend or indemnify the Hunters.
{¶ 30} In my opinion, however, Turner is distinguishable from the situation presented here in a fundamental way. Rather than interpreting a policy exclusion, as exists in this case, Turner interpreted as a coverage provision a similar phrase at issue therein: “arising out of the ownership, maintenance or use of the real * * * property.” Id.
{¶ 31} In the area of liability-insurance law, very different standards apply to the interpretation of a coverage provision than apply to the interpretation of an exclusion, although both are construed against the insurer. A liability coverage provision is interpreted broadly, and a general presumption in favor of coverage must be overcome in order for coverage to be denied. See, e.g., Stickovich v. Cleveland (2001), 143 Ohio App.3d 13, 37, 757 N.E.2d 50 (recognizing that the phrase “ ‘arising out of in a liability insurance policy affords very broad coverage” and citing Turner as one of the cases that reached that conclusion).
{¶ 32} On the other hand, an exclusion is interpreted narrowly in order not to defeat coverage that would apply absent the exclusion. The general presumption in favor of coverage operates to make an exclusion barring coverage applicable only if it is clearly expressed. Sharonville v. Am. Emps. Ins. Co., 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 6. See 7 Russ & Segalla, Couch on Insurance (3d Ed.2010), Section 101:52, which explains that when an insurance policy employs language such as “arising out of” in describing the coverage provided, the phrase is given a broad and comprehensive meaning, but if the phrase is used “in an exclusionary provision rather than a grant of coverage,” it “will be interpreted narrowly against the insurer.”
*548 {¶ 33} Because the situation in Turner differs from the situation in this case (coverage in Turner versus exclusion of coverage here), I view Turner as inapposite to the case we now decide. Neither the trial court nor the court of appeals recognized this coverage-versus-exclusion distinction when each relied on Turner’s analysis to support its ruling. In fact, Turner is inapplicable to the resolution of this case. In addition, the cases on motor vehicle insurance relied on by the lower courts are also inapposite for reasons that include the fact that they involved the interpretation of coverage provisions rather than exclusions.
{¶ 34} Because of the coverage-versus-exclusion distinction, the Turner decision, which involves an issue of coverage, and the Second District’s decision in Am. States Ins. Co. v. Guillermin (1996), 108 Ohio App.3d 547, 671 N.E.2d 317, which involves an exclusion, are not in conflict with each other. The bottom line, then, is that it is evident that the courts below have relied on cases clearly distinguishable from the one now before this court.
{¶ 35} Because Turner and Guillermin are not conflicting decisions, the appellate decision in this case (which erroneously followed Turner) and Guiller-min are not truly in conflict either. I therefore do not approach this case from the perspective of answering the conflict issue as certified. However, any obstacles to resolving the issues of this case are obviated by the fact that this court accepted a discretionary appeal as well as the certified conflict, and therefore the issues are properly presented to us for review.
{¶ 36} The key question to be resolved is whether the exclusion for claims arising out of the premises should apply to exclude coverage for the claims at issue under the Hunters’ policy with Westfield. If the exclusion is inapplicable in the facts and circumstances involved here, then coverage exists under that policy pursuant to its terms.
{¶ 37} A Missouri appellate court in Lititz Mut. Ins. Co. v. Branch (Mo.App. 1977), 561 S.W.2d 371, 374, succinctly explained the proper scope of this exclusion as it relates to the essentials of a homeowner’s policy in the following often cited passage:
{¶ 38} “The personal liability insured against [by a homeowner’s policy] is of two kinds: first, that liability which may be incurred because of the condition of the premises insured; secondly, that liability incurred by the insured personally because of his tortious personal conduct, not otherwise excluded, which may occur at any place on or off the insured premises. The insurance company may well limit (and has by [the relevant exclusion]) its liability for condition of the premises to the property insured for which a premium has been paid. It is reasonable that the company may not provide for liability coverage on ‘conditions’ which cause injury on other uninsured land. * * * It is to be expected, therefore, that the company’s liability for condition of the premises would be *549 restricted to accidents happening on or in close proximity to the insured premises, and that premiums would be charged with that in mind. It would be unreasonable to allow an insured to expand that coverage to additional land and structures owned, rented or controlled by him which are unknown and not contemplated by the company.
{¶ 39} “The company has not chosen to geographically limit the coverage provided for tortious personal conduct of the insured. If it had so intended, it could simply have provided that the exclusion ran to an accident ‘occurring on’ other owned premises. There appears to be little reason to exclude personal tortious conduct occurring on owned but uninsured land, as little correlation exists between such conduct and the land itself.”
{¶ 40} As this passage accurately points out, a standard homeowner’s insurance policy, such as the Westfield policy at issue in this case, includes at least two essential types of liability coverage. One type is for occurrences that happen on or in close proximity to insured premises owned by the insured. A second type of liability coverage, distinct from the first type, is for tortious personal conduct. This second type not only applies to occurrences related to the insured premises, but also provides liability coverage to the insured anywhere, unless an exclusion in the policy clearly limits this broad personal liability coverage.
{¶ 41} This second type of homeowner’s liability coverage covers “a broad range of liabilities which have nothing to do with the insured’s residence but to which most individuals are exposed as a matter of their routine existence. * * * [M]ost non-automobile related accidents * * * occurring away from the insured’s residence, for which an insured is liable on account of negligence, will be covered under the liability provisions of a homeowners policy.” 2 Rowland H. Long and Peter M. Lencsis, The Law of Liability Insurance (2008), Section 9.01.
{¶ 42} I agree with the logic underlying the analysis in Lititz Mut. Ins. Co. v. Branch, which is consistent with the analysis in Guillermin. I am therefore in agreement with the majority’s conclusion that the exclusion for claims arising out of the premises does not serve to defeat coverage for all occurrences on an insured’s other owned property. Rather, it is the character or nature of the claim asserted for which coverage is sought that determines the scope of coverage. If coverage is sought for a claim that has no connection to a particular property other than that it happened to occur there, then the exclusion for claims arising out of the premises does not apply, because the claim does not “arise out of the premises” but, instead, arises out of the unrelated conduct of the policyholder. On the other hand, if coverage is sought for a claim that has a direct causal relationship to the property, then the exclusion does apply. In the latter situation, the claim is essentially one of premises-based liability and falls within the scope of the exclusion.
*550 {¶ 43} In addition to the considerations regarding the quality or physical condition of the premises discussed in the above-quoted passage, the duties arising from ownership of the property can also, in some situations, correlate sufficiently with the claim asserted to support the exclusion’s applicability. If the claim for which coverage is sought directly flows from or has its foundation in the ownership of the property for which the exclusion is asserted, then it may be said that the claim arises out of that property in such situations, too. A useful question to ask is: If the circumstances giving rise to the claim had taken place off both the other owned property and the policy’s listed “insured location,” would the exclusion apply to bar coverage? If the claim in such circumstances would not be excluded from coverage, then it also is likely that the exclusion would not apply to prevent coverage for the event that, by coincidence, occurred on the other owned property rather than someplace else.
{¶ 44} The trial court resolved this case based on an overly expansive interpretation of the exclusion in the homeowner’s policy for claims arising out of the other owned premises, and the court of appeals erroneously affirmed that overly expansive interpretation. The majority of this court, in reversing, correctly concludes that the exclusion should be interpreted more narrowly.
{¶ 45} On the meager record in this case, it is impossible to determine whether the exclusion should apply here to bar coverage. The plaintiffs in the underlying lawsuit, the Whickers, assert in their merit brief before this court that the location of the accident was irrelevant to their claims and that “[t]he accident could have happened anywhere other than the farm property and the claims against the Hunters would still be the same,” in support of their argument that the exclusion at issue here does not bar coverage. Appellant, Grinnell Mutual Reinsurance Company, makes similar assertions in its merit brief, including stating that the allegations in the underlying complaint “go to the Hunters’ conduct and status as people able to control a minor tortfeasor, not to their status as landowners.” Conversely, appellee Westfield repeatedly asserts in its merit brief that the claims against the Hunters exist only because the Hunters owned the property where the accident occurred and that the exclusion should therefore apply.
{¶ 46} The parties raised these same points before the trial court, but that court did not address this disagreement in granting summary judgment in favor of Westfield based on its overly broad interpretation of the exclusion. This case turns on that question, i.e., whether the claims arise out of the ownership of the premises. But the question is unanswerable from a review of the record before us. Therefore, upon remand, the record must be further developed to allow for consideration of the exclusion’s applicability, under the standards that properly *551 govern the exclusion’s reach.[3]

. Appellant, Grinnell Mutual Reinsurance Company, attempts to argue through its second proposition of law in its merit brief in this court that the Indiana farm is an “insured location” under the Westfield policy. However, this argument is outside the scope of the issue that the court of appeals certified a conflict on and that this court agreed to review, and it is also outside the scope of the only proposition of law raised by Grinnell in its memorandum in support of jurisdiction that this court accepted for review. Grinnell could have raised this issue for this court’s jurisdictional consideration, but did not do so. Consequently, Grinnell has not properly preserved the issue regarding whether the farm is an insured location. It must therefore be accepted, as an established fact, that the farm is not an insured location for purposes of this appeal. Cf. Meyer v. United Parcel Serv., Inc., 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 8, fn. 3. Moreover, this fact should also be taken as established for purposes of the trial court’s consideration upon remand.