[Cite as *Sandusky Register v. Cedar Point Police Dept.*, 2022-Ohio-1615.]

| THE SANDUSKY REGISTER | Case No. 2021-00528PQ |
|---|---|
| Requester | Judge Patrick E. Sheeran |
| v. | JUDGMENT ENTRY |
| CEDAR POINT POLICE DEPARTMENT | |
| Respondent | |

{¶1} On March 22, 2022, in a Recommendation To Dismiss, a Special Master recommended dismissing Requester's Complaint without prejudice in this public-records case. Neither party has objected to the Special Master's recommendation.[1]

{¶2} In the recommendation, after the Special Master generally summarizes the procedural history of the case, the Special Master states,

[Requester The Sandusky Register] has failed to comply with the Civil Rules regarding proof of service. It has further failed to comply with court orders to obtain counsel. The special master recommends the court dismiss the complaint pursuant to Civ.R. 41(B)(1) and (3), without prejudice. * * *.

Further, the special master is authorized to consider sua sponte whether a complaint should be dismissed for any reason: "Upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." R.C. 2743.75(D)(2). Based on the

---

[1] Pursuant to R.C. 2743.75(F)(2), if neither party timely objects to a special master's report and recommendation, then this Court is required to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation." Here, the Special Master issued a Recommendation To Dismiss—not a Report and Recommendation. Thus, in this instance, the standard of review set forth in R.C. 2743.75(F)(2) with respect to a report and recommendation does not necessarily apply.

same facts and circumstances discussed above, the special master separately recommends the complaint be dismissed without prejudice pursuant to R.C. 2743.75(C)(2).

* * *

The above grounds for dismissal dispose of this case in its entirety, and there is thus no need to address any other defense raised in [Cedar Point Police Department]'s response.

* * *

The special master recommends the court dismiss this action without prejudice. It is recommended that costs be assessed to the requester.

* * *

(Footnote omitted.) (Recommendation To Dismiss, 3.)

**{¶3}** The Court finds that, under the circumstances of this case, the Special Master's recommendation for dismissal of Requester's Complaint without prejudice is well supported.[2] However, the Special Master's reliance on R.C. 2743.75(C)(2), as

---

[2] Notably, in an affidavit, Ron Wilson, Director of Security for Cedar Point, averred that Cedar Point "is owned and operated by Cedar Fair, L.P., a private, for profit limited partnership," and Wilson further averred that Cedar Point's private security department is "commonly referred to as Cedar Point Police Department." (Affidavit of Ron Wilson, dated December 3, 2019, at paragraphs 3 and 5; Exhibit A attached to Motion To Dismiss filed on January 19, 2022.)

An issue arises whether, in this instance, Respondent Cedar Point Police Department is the functional equivalent of a public office for purposes of R.C. 149.43. *See* R.C. 149.011(A) (as used in R.C. Chapter 149, "public office" "includes any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government"). In *State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193, ¶ 25, the Ohio Supreme Court identified a functional-equivalency test concerning whether a private entity is a public institution under R.C. 149.011(A). The Ohio Supreme Court held that

> in determining whether a private entity is a public institution under R.C. 149.011(A) and thus a public office for purposes of the Public Records Act, R.C. 149.43, a court shall apply the functional-equivalency test. Under this test, the court must analyze all pertinent factors, including (1) whether the entity performs a governmental function, (2) the level of government funding, (3) the extent of government involvement or regulation, and (4) whether the entity was created by the government or to avoid the requirements of the Public Records Act.

justification for the recommendation to dismiss without prejudice, is not well taken. R.C. 2743.75(C)(2) provides:

> If the allegedly aggrieved person files a complaint under this section and the court of claims determines that the complaint constitutes a case of first impression that involves an issue of substantial public interest, the court shall dismiss the complaint without prejudice and direct the allegedly aggrieved person to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in [R.C. 149.43(C)(1)].

A review of the Special Master's Recommendation To Dismiss discloses that the Special Master has not concluded that Requester's Complaint constitutes a case of first impression that involves an issue of substantial public interest—a prerequisite for dismissal of a public-records complaint without prejudice under R.C. 2743.75(C). Moreover, the Special Master does not recommend, as R.C. 2743.75(C) directs, that Requester commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in R.C. 149.43(C)(1).

{¶4} Nonetheless, to the extent that the Ohio Rules of Civil Procedure are consistent with R.C. 2743.75, *see* R.C. 2743.03(D) (providing that the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter"), the Court determines that the Special Master's

---

*State ex rel. Oriana House, Inc.* at ¶ 25. In *State ex rel. Oriana House, Inc.* at ¶ 26, the Ohio Supreme Court further held that "the functional-equivalency analysis begins with the presumption that private entities are not subject to the Public Records Act absent a showing by clear and convincing evidence that the private entity is the functional equivalent of a public office."

Judicial restraint counsels against determining whether, in this instance, Respondent Cedar Point Police Department is the functional equivalent of a public office for purposes of the Public Records Act, because such a determination is not necessary to dispose of the matter before the Court. *See PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799, 360 U.S. App. D.C. 344 (Roberts, J., concurring in part and concurring in judgment) (expressing "the cardinal principle of judicial restraint," *i.e.*, "if it is not necessary to decide more, it is necessary not to decide more"). *See also State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 135 Ohio St.3d 416, 2013-Ohio-1532, 988 N.E.2d 546, ¶ 25; *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 53.

reliance on Civ.R. 41(B)(1) and (3), as justification for the recommendation of a dismissal without prejudice, is appropriate. The Court further determines that the Special Master's reliance on R.C. 2743.75(D)(2) is appropriate. *See* R.C. 2743.75(D)(2) ("[n]otwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time"). In accordance with the Special Master's recommendation, the Court sua sponte dismisses Requester's Complaint without prejudice pursuant to R.C. 2743.75(D)(2). Court costs are assessed to Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


PATRICK E. SHEERAN
Judge


**Filed April 6, 2022**
**Sent to S.C. Reporter 5/13/22**