[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 350.]

LATTANZI ET AL., APPELLEES, *v.* TRAVELERS INSURANCE COMPANY, APPELLANT.

[Cite as *Lattanzi v. Travelers Ins. Co.*, 1995-Ohio-189.]

*Automobile liability insurance—Insured kidnapped in her own automobile and incurs all bodily injury outside and away from automobile—Insured not covered within uninsured motorist provisions of policy which limits coverage to bodily injuries "caused by accident" and which "arise out of the ownership, maintenance or use of the uninsured motor vehicle."*

Where an insured is kidnapped in her own automobile, and incurs all bodily injury outside and away from the automobile, the insured is not covered within the uninsured motorist provisions of her automobile insurance policy which limits coverage to bodily injuries "caused by accident" and which "arise out of the ownership, maintenance or use of the uninsured motor vehicle."

(No. 93-2404—Submitted February 8, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Mahoning County, No. 92 C.A. 56.

———————

{¶ 1} On August 14, 1985, an uninsured motor vehicle struck Theresa Lattanzi's 1983 Cadillac while Mrs. Lattanzi was stopped at a traffic light in Boardman, Ohio. The Cadillac was insured by Mrs. Lattanzi and her husband under a policy issued by appellant Travelers Insurance Company ("Travelers); the policy included uninsured motorist coverage. Mrs. Lattanzi suffered no bodily injuries in the collision.

{¶ 2} Following the collision, a man from the uninsured vehicle forced his way into Mrs. Lattanzi's car and, at gunpoint, took over operation of her vehicle. It is undisputed that at that point, the Cadillac also became an "uninsured motor vehicle," since the assailant took control of the car without the Lattanzis'

permission. The assailant blindfolded Mrs. Lattanzi and took her to an unknown house somewhere in the Youngstown area. Mrs. Lattanzi did not allege that she suffered any bodily injuries during her forced transportation to the house.

{¶ 3} Upon arrival at the house, Mrs. Lattanzi was taken from her car into the house and was raped. Mrs. Lattanzi sustained bodily injury and psychological injury as a result of the rape. She and her husband made a claim for compensation under the uninsured motorist coverage of their Travelers policy.

{¶ 4} The Travelers policy provides uninsured motorist coverage as follows:

"*We* will pay damages that the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury suffered by the *insured* and caused by accident. Liability for such damages must arise out of the ownership, maintenance or use of the *uninsured motor vehicle*." (Emphasis in original.)

{¶ 5} The Lattanzis filed a declaratory judgment action seeking a determination of their rights under the policy. The trial judge granted summary judgment in favor of the Lattanzis.

{¶ 6} Travelers appealed. The appellate court affirmed, holding that "[i]t is reasonable to conclude that the eventual injuries suffered by the plaintiff-appellee arose out of the operation of an uninsured motor vehicle." The court reasoned that it was the assailant's intent to kidnap Mrs. Lattanzi and that he intended to "effectuate his eventual assault by using her automobile as a manner of transport."

{¶ 7} This matter is before this court upon the allowance of a motion to certify the record.

———————————

*Paul F. Gambrel*, for appellees.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.*, and *Harry A. Hentemann*, for appellant.

*Willis & Linnen Co., L.P.A*., and *Mark C. Willis,* urging affirmance for *amicus curiae*, Ohio Academy of Trial Lawyers.

_____

**PFEIFER, J.**

{¶ 8} We are compelled to hold in this case that where an insured is kidnapped in her own automobile, and incurs all bodily injury outside and away from the automobile, the insured is not covered within the uninsured motorist provisions of her automobile insurance policy which limits coverage to bodily injuries "caused by accident" and which "arise out of the ownership, maintenance or use of the uninsured motor vehicle."

{¶ 9} This court has dealt at least twice before with cases involving similar issues. In *Kish v. Cent. Natl. Ins. Group of Omaha* (1981), 67 Ohio St.2d 41, 21 O.O.3d 26, 424 N.E.2d 288, plaintiff's decedent's vehicle was struck from behind while stopped at a traffic signal. The decedent exited his car toconfer with the other driver, who emerged from his car with a shotgun. The decedent was shot and killed attempting to get back into his car. The decedent's widow made an uninsured motorist claim under her insurance policy, which, like the policy in this case, required that the bodily injury must "arise out of the ownership, maintenance, or use of the uninsured motor vehicle." *Kish* at 49, 21 O.O.3d at 31, 424 N.E.2d at 293.

{¶ 10} In addressing the possibility of recovery under that policy language, this court held:

"A 'but for' analysis is inappropriate to determine whether recovery should be allowed under uninsured motorist provisions of the * * * policy. The relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the vehicle. The application of this standard to the instant facts leads us to conclude that the intentional, criminal act of

the murderer was an intervening cause of injury unrelated to the use of the vehicle." *Kish* at 50, 21 O.O.3d at 32, 424 N.E.2d 294.

{¶ 11} In *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, plaintiff was shot while an occupant in a vehicle which was fired upon by the driver of another vehicle. The plaintiff sought recovery under the uninsured motorist provision of the policy of the owner of the vehicle in which he was injured. This court did not distinguish the case from *Kish*, even though both the tortfeasor and the plaintiff were inside their respective vehicles when the plaintiff incurred his injury. The court held in *Howell*:

"[I]t is our conclusion that a bodily injury to an insured resulting from the discharge of a firearm by a tortfeasor is not encompassed within the terms of a policy of insurance which limits coverage to injuries 'caused by accident resulting from the ownership, maintenance or use of' an automobile." *Howell* at 369, 544 N.E.2d at 883.

{¶ 12} In Howell, this court explained its holding in Kish, reiterating that whether the act of the tortfeasor is negligent or intentional is not determinative of recovery, but that the key factor is the instrumentality used by the tortfeasor to cause the injury:

"The focus of the holding was not the mental state of the tortfeasor but the instrumentality causing death. Accordingly, had the death in *Kish* resulted from the intentional ramming from behind of decedent's automobile by the tortfeasor's vehicle, recovery would have been allowed." *Howell* at 369, 544 N.E.2d at 882.

{¶ 13} Thus, the state of mind of the tortfeasor is irrelevant -- it is how he causes the injury that is important. In this case, however, the appellate court focused on the intentions of the tortfeasor, pointing out that he "intended to commit harm upon the appellee," that "[i]t was obviously his intent * * * to kidnap the plaintiff-appellee and to remove her from the public street to the abandoned house

4

where the assaults took place," and that "he intended to effectuate his eventual assault by using the plaintiff-appellee's automobile as a manner of transport."

{¶ 14} That the assailant intended to harm Mrs. Lattanzi and that he intended to use her automobile to take her to a place where he could harm her is not disputed, nor is it relevant. While the assailant may not have been able to achieve his nefarious purpose without the use of Mrs. Lattanzi's car, a "but for" analysis is inappropriate. *Kish* at 50, 21 O.O.3d at 32, 424 N.E.2d at 294. At the time the assailant removed Mrs. Lattanzi from her automobile, she had not yet suffered an injury. Any injury incurred by Mrs. Lattanzi after she and her abductor left the car was not achieved through use of the automobile as an instrumentality. Once leaving the automobile, the assailant's own brutal, criminal conduct became the only relevant instrument of injury.

{¶ 15} Therefore, the Lattanzis' injuries are not covered under the Travelers policy. Uninsured motorist provisions compensate for injuries caused by motor vehicles; they typically do not compensate for, or protect from, the evil that men do. We therefore reverse the judgment of the court of appeal.

*Judgment reversed.*

MOYER, C.J., WRIGHT and COOK, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur in judgment only.

————————————