ESTATE OF NORD ET AL., APPELLEES, *v.* MOTORISTS MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as *Estate of Nord v. Motorists Mut. Ins. Co.,* 105 Ohio St.3d 366, 2005-Ohio-2165.]

(No. 2004–0136—Submitted February 15, 2005—Decided May 18, 2005.)

MOYER, C.J.

{¶ 1} While a Cleveland emergency-medical-service ambulance transported Paul Nord to a hospital, a paramedic accidentally dropped a syringe, which struck Nord's eye. Nord later died from unrelated causes. Nord was insured under an automobile policy issued by defendant-appellant, Motorists Mutual Insurance Company. Plaintiffs-appellees, Margaret Nord and the estate of Paul Nord, filed

a complaint against appellant alleging that the uninsured-motorist coverage applied.[1] The issue presented in this appeal is whether the uninsured-motorist provision in the automobile-insurance contract, which limits coverage to bodily injuries caused by accidents that "arise out of the ownership, maintenance or use of the uninsured motor vehicle," covers damages resulting from an accidental injury occurring within a motor vehicle where the ownership, maintenance, or use of the vehicle is not the cause of the injury.

{¶ 2} The trial court found that the injury was not caused by the ambulance and granted appellant's motion for summary judgment. The Court of Appeals for the Eighth District reversed the judgment and remanded the cause. The Eighth District held that reasonable minds could conclude that Nord's injuries arose out of the ownership, maintenance, or use of the ambulance.

{¶ 3} This cause is now before this court upon the acceptance of a discretionary appeal.

{¶ 4} In its sole proposition of law, appellant contends that damages arise out of the ownership, maintenance, or use of an uninsured motor vehicle only when the uninsured motor vehicle was an active instrumentality in causing the injury, the chain of events resulting in the accident was not broken by the intervention of any event unrelated to the use of the uninsured vehicle, and the uninsured vehicle was used for transportation purposes when the accident occurred. Though we decline to adopt this tripartite test, we reverse the judgment of the court of appeals.

{¶ 5} The relevant language of the uninsured-motorist provision in the Motorists policy states:

{¶ 6} "A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of:

{¶ 7} "1. An insured motor vehicle as defined in Section 1., 2., and 4. of the definition of an uninsured motor vehicle because of bodily injury:

{¶ 8} "a. Sustained by an insured; and

{¶ 9} "b. Caused by an accident.

{¶ 10} "2. An uninsured motor vehicle as defined in Section 3. of the definition of an uninsured motor vehicle because of bodily injury sustained by an insured.

---

1. The city of Cleveland owned and operated the ambulance and, pursuant to R.C. 2744.02, is not liable in damages. R.C. 3937.18(B)(5) provides that operators of vehicles that have immunity under R.C. Chapter 2744 are included in the definition of "uninsured motorist." Thus, at the time of the accident, the ambulance was an uninsured motor vehicle.

{¶ 11} "The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle." (Boldface omitted.)

{¶ 12} Where an automobile policy limits uninsured-motorist coverage to damages from accidents that "arise out of the ownership, maintenance or use of the uninsured motor vehicle," coverage applies only when an uninsured motor vehicle caused the accident. *Kish v. Cent. Natl. Ins. Group of Omaha* (1981), 67 Ohio St.2d 41, 50, 21 O.O.3d 26, 424 N.E.2d 288. In *Kish,* the decedent exited his vehicle after it had been struck. The decedent was then shot and killed by the other driver, an uninsured motorist. Rejecting but-for analysis, we concluded that uninsured-motorist coverage did not apply because the automobile accident did not cause the bodily injury. Though the accident began an altercation that led to a murder, the criminal act was an intervening cause unrelated to the use or operation of the uninsured vehicle. Id. at 50, 424 N.E.2d 288, 21 O.O.3d 26. Similarly, in *Lattanzi v. Travelers Ins. Co.* (1995), 72 Ohio St.3d 350, 353, 650 N.E.2d 430, a traffic accident initiated a series of events that resulted in the rape of one of the drivers. Uninsured-motorist coverage did not apply because the uninsured vehicle did not cause the injury. Id.

{¶ 13} The fact that *Kish* and *Lattanzi* involved intentional criminal acts is not significant. The determinative factor in those cases was the absence of a causal nexus between the injury and the uninsured motor vehicle. Thus, we conclude that an uninsured-motorist provision, which limits coverage to damages that "arise out of the ownership, maintenance or use of the uninsured motor vehicle," does not cover damages caused by an event unrelated to the ownership, maintenance, or use of an uninsured motor vehicle.

{¶ 14} In the instant case, the carelessness of the paramedic caused Nord's injury. The paramedic's use and dropping of the syringe were unrelated to the ownership, maintenance, or use of the motor vehicle. Appellees have not alleged a causal link between the ambulance and the injury-causing accident, nor have they presented evidence that the ambulance was negligently operated or that the movement of the ambulance effected the injury-causing accident. Instead, appellees emphasize that ambulances are equipped with syringes, and they maintain that uninsured-motorist coverage arises because the situs of the accident was an uninsured motor vehicle. An accident, however, does not arise out of the ownership, maintenance, or use of an uninsured motor vehicle merely because it fortuitously occurs within an uninsured motor vehicle. If we were to so conclude, we would supplant the causation requirement, which the words of the policy demand, with a much broader factual-connectedness requirement, rejected in *Kish,* 67 Ohio St.2d at 50, 21 O.O.3d 26, 424 N.E.2d 288. Accordingly, we hold that reasonable minds cannot conclude that Nord's injury arose out of the

ownership, maintenance, or use of the ambulance. The trial court properly granted summary judgment for appellant.

{¶ 15} For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Henry F. DeBaggis and Donald M. Levy, for appellee.

Gallagher, Sharp, Fulton & Norman, Timothy J. Fitzgerald, Mark A. Greer, and Theresa A. Richthammer, for appellant.