O’Donnell, J.,
dissenting.
{¶ 47} This matter is presented to us as a conflict between appellate districts on the following question: “When construing an insurance policy exclusion, does an injury ‘arise out’ of a premises only if some dangerous condition exists on the premises that caused or contributed to the injury, or must the injury only originate in or have a causal connection with the premises?”
{¶ 48} The Second District Court of Appeals held in Am. States Ins. Co. v. Guillermin (1996), 108 Ohio App.3d 547, 671 N.E.2d 317, that an injury arises out of a premises only if some dangerous condition exists on the premises that caused or contributed to the injury.
{¶ 49} In conflict with that holding, the Twelfth District Court of Appeals here cited a case from the Eighth Appellate District, Nationwide Mut. Fire Ins. Co. v. Turner (1986), 29 Ohio App.3d 73, 77, 29 OBR 83, 503 N.E.2d 212, which held, “ ‘Arising out of ’ means generally ‘flowing from’ or ‘having its origin in.’ The phrase generally indicates a causal connection with the insured property, not that the insured premises be the proximate cause of the injury.” (Citation omitted.) After recognizing federal court authority to the same effect, the Twelfth District used the causal connection test and determined that the ATV accident arose out of the premises.
{¶ 50} The majority opinion correctly characterizes this case as one of contract interpretation of the phrase “arising out of”; in my view, the Twelfth District Court of Appeals properly interpreted this phrase in this policy. That court stated, “As the policy reads, the exclusion applies to bodily injury ‘arising out of a premises,’ not arising out of a condition on a premises.” (Emphasis sic.) Westfield Ins. Co. v. Hunter, Butler App. Nos. CA2009-05-134 and CA2009-06-157, 2009-Ohio-5642, 2009 WL 3415894, ¶ 20. The court emphasized that the view *552 taken in Guillermin changes the language in the policy to require that the injury must arise out of a condition on the premises, here, a dangerous condition. But these words are not part of the policy and not part of the contract — in effect, the court in Guillermin added additional language to the policy that is not part of the policy; the better view is as expressed by the appellate court here, citing the Eighth Appellate District and the federal district court of appeals, employing the causal connection test.
{¶ 51} Although this is a matter of first impression for our court in the context of a homeowner’s insurance policy, we have previously considered the phrase “arising out of ” in Kish v. Cent. Nat. Ins. Group of Omaha (1981), 67 Ohio St.2d 41, 21 O.O.3d 26, 424 N.E.2d 288, and in Lattanzi v. Travelers Ins. Co. (1995) 72 Ohio St.3d 350, 650 N.E.2d 430, and in both instances interpreted “arising out of” to require a causal connection. In my view, we should adhere to our precedent and make a similar interpretation in this instance.
{¶ 52} Because the majority strays from this path, I respectfully dissent and would affirm the judgment of the court of appeals.
Lundberg Stratton, J., concurs in the foregoing opinion.