[Cite as *Bunt v. Grange Ins. Co.*, 2012-Ohio-6103.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WILLIAM BUNT

    Appellant

    v.

GRANGE INSURANCE COMPANY

    Appellee

C.A. No.      12CA010174

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07CV151760

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

---

CARR, Judge.

{¶1} Appellants, William and Carol Bunt, appeal an order of the Lorain County Court of Common Pleas that granted summary judgment to Grange Insurance Company. This Court affirms.

I.

{¶2} William Bunt was injured when unidentified men attempted to carjack his pickup truck at a gas station. He filed an action for declaratory judgment against Grange Insurance, which is the issuer of his automobile insurance policy, seeking declarations that he is entitled to medical payments and to uninsured motorist coverage under the terms of his insurance policy. Mr. Bunt's wife filed a claim for loss of consortium. The trial court granted summary judgment to Grange and denied Bunt's motion for summary judgment, concluding that his injuries were not caused by an accident and that they did not arise from use of the covered vehicle. The Bunts appealed.

II.

## ASSIGNMENT OF ERROR

The trial court erred when it granted Grange Insurance Company's motion for summary judgment and denied William and Carol Bunts' cross motion for summary judgment.

{¶3} The Bunts' assignment of error is that because Mr. Bunt's injuries were sustained while he was at least partially in his vehicle and while he had the keys in his hand, the vehicle was "intertwined in his injury," and the trial court erred by granting summary judgment to Grange. The parties agree that the analysis of whether Mr. Bunt is entitled to uninsured motorists coverage applies with equal weight to, and is dispositive of, his claim for medical payments coverage.

{¶4} This Court reviews an order that grants summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Civ.R. 56(C). In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 686-87 (1995).

{¶5} Mr. Bunt's insurance policy provides that Grange "will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of * * * Bodily Injury suffered by the injured and caused by an accident[.]" The policy also explains that "[t]he owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the uninsured motor vehicle." Neither party has argued that Mr. Bunt's truck is not an "uninsured motor vehicle" as defined by the policy. For purposes of

this opinion, therefore, we assume without deciding that Mr. Bunt's truck is an "uninsured motor vehicle." *See*, *e.g.*, *Bakos v. Insura Property and Cas. Co.*, 125 Ohio App.3d 548, 552 (8th Dist.1997).

{¶6} When an insured's injuries arise from the intentional conduct of a tortfeasor, a claim for uninsured motorist coverage focuses not on the nature of the tortfeasor's conduct, but on whether the insured is legally entitled to recover. *Kish v. Cent. Nat. Ins. Group of Omaha*, 67 Ohio St.2d 41, 45-46 (1981). "Absent any enforceable contractual provisions to the contrary, the determination of whether an occurrence is an 'accident' for purposes of uninsured motorist, family compensation, and accident insurance must be from the standpoint of the insured." *Id.* at paragraph two of the syllabus. The "determinative factor" is whether there is a causal nexus between the injury to the insured and the uninsured vehicle. *Estate of Nord v. Motorists Mut. Ins. Co.*, 105 Ohio St.3d 366, 2005-Ohio-2165, ¶ 13. In other words, the injury itself must arise out of the ownership, maintenance, or use of the uninsured vehicle under the insurance policy. *See id.* at ¶ 14. The focus is the instrumentality that causes the injury. *Howell v. Richardson*, 45 Ohio St.3d 365, 369 (1989).

{¶7} For these reasons, the Ohio Supreme Court has concluded that "[b]odily injury to an insured resulting from the discharge of a firearm by a tortfeasor is not encompassed within the terms of a policy of insurance which limits coverage to injuries 'caused by accident resulting from the ownership, maintenance or use of' an automobile." *Id.* at paragraph two of the syllabus. Injuries sustained after a carjacking and apart from use of the uninsured vehicle do not arise out of ownership, operation, or use of the vehicle. *Lattanzi v. Travelers Ins. Co.*, 72 Ohio St.3d 350 (1995), syllabus. On the other hand, when bodily injury is caused by "[a] chain of events * * * unbroken by the intervention of any event unrelated to the use of the vehicle," it does arise from

ownership, operation or use of the uninsured vehicle. *Sanderson v. Ohio Edison Co.*, 69 Ohio St.3d 582 (1994), paragraph three of the syllabus (insured sustained injuries when a minor was negligently entrusted with the keys to a vehicle that he did not know how to drive).

{¶8} Mr. Bunt's deposition testimony is the only evidence related to the instrumentality of his injury, so the facts themselves are undisputed and straightforward. Because Mr. Bunt's testimony was uncontroverted, we note that the Bunts' argument that the trial court incorrectly weighed the evidence is misplaced. The undisputed facts, therefore, are as follows.

{¶9} Mr. Bunt stopped to get gas after dark, leaving his driver's side window down. He noticed several young men in the parking lot and acknowledged them after walking into the gas station to pay for his gas. When he got back into his truck, one of the young men reached through the open window, grabbed the keys from the ignition, and told Mr. Bunt that they were stealing the truck. Mr. Bunt resisted by grabbing the man's wrist and holding on while trying to get the keys back. According to Mr. Bunt, the men were "beating on" him, punching him, and hitting him in the shoulder. Eventually, the men pulled Mr. Bunt about halfway from the truck so that his hands were on the pavement, and it was in that position that he sustained a blow to the jaw that caused his injuries. Soon after, another car pulled into the parking lot, and the men fled.

{¶10} Mr. Bunt's injuries, while unfortunate, did not arise from use of the uninsured vehicle within the meaning of the policy. The beating that Mr. Bunt sustained at the hands of the carjackers was unrelated to the use of the vehicle such that we cannot say his injuries resulted from "[a] chain of events * * * unbroken by the intervention of any event unrelated to the use of the vehicle." *Sanderson*, 69 Ohio St.3d 582 at paragraph three of the syllabus. In other words, we conclude that this case is more like *Lattanzi*, 72 Ohio St.3d 350, in which the insured was carjacked, kidnapped, and brutally attacked once the carjacker reached his destination, than

*Sanderson*. In this respect, we note that Mr. Bunts' argument that he was partially in the vehicle when the attack occurred is not dispositive, because the determinative factor is not whether the insured is in the vehicle at the time injuries are sustained. *Estate of Nord*, 105 Ohio St.3d 366, 2005-Ohio-2165, at ¶ 14.

{¶11} As mentioned above, the parties agree that the same analysis is employed with respect to the medical payments provision of the policy and, as such, neither have separately argued the issue. Accordingly, the Bunts' assignment of error is overruled with respect to both uninsured motorists and medical payments coverage under the policy.

III.

{¶12} The Bunts' assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT


DICKINSON, J.
CONCURS.

MOORE, P. J.
DISSENTING.

{¶13}  Because I believe that a question of material fact existed as to the cause of Mr. Bunt's injuries, I respectfully dissent.

{¶14}  As the majority notes, in Mr. Bunt's deposition, he maintained that his assailants were attempting to pull him from his truck, and he was "half in" and "half out" of the truck when he received the blow to his head.  He also stated that, at that time, he was "wedged" in the truck door, and his hands were on the pavement.  Due to his bodily position, he was unable to see the source of the blow to his head, and "[he did not] know how it happened," but he assumed that he was kicked.

{¶15}  Although I agree that these facts were undisputed, I disagree with the inference drawn from these facts by the majority that the beating alone caused Mr. Bunt's injuries.  I do not believe the facts warrant this inference at the summary judgment stage of proceedings. Instead, I believe this evidence, when viewed in the light most favorable to Mr. Bunt, could reasonably indicate Mr. Bunt's injuries were, at least in part, "achieved through use of the [truck] as an instrumentality."  *See Lattanzi v Travelers Ins. Co.*, 82 Ohio St.3d 350, 432 ("it is how [the

tortfeasor] causes the injury that is important"). Therefore, I would conclude that a material question of fact remained as to Mr. Bunt's claim.

{¶16} Accordingly, I would reverse the decision of the trial court and remand this matter for further proceedings.

APPEARANCES:

STEPHEN S. VANEK and CHRISTINE M. LASALVIA, Attorneys at Law, for Appellant.

MICHAEL F. FARRELL, Attorney at Law, for Appellee.